The opinion of the Court was delivered by
Glover, J.
William H. Cannon made his note under seal, payable to the order of J. F. Ervin, who wrote his name on the note. Fleetwood Lanneau, the holder, arrested John F. Ervin on bail process, and filed his declaration containing five counts: 1. On a bill of Exchange: 2. On a promissory note: 3. On a special agreement, that if plaintiff would forbear and give time to W. H. Cannon, defendant would pay the debt. 4. On a guaranty, and 5. An account stated. No *37 appearance was entered, and after an order was passed for interlocutory judgment, Ervin died, when the plaintiff issued a1 writ of scire facias to continue the original proceedings. The case was called for trial on the inquiry docket, at Charleston, January Term, 1858, before O’Neall, J. Parol evidence was offered to prove that Ervin, after he was held to bail, stated that he had been indorser for Cannon on a note held by plaintiff, which was protested at maturity : that either he or Cannon had been sued at Marion on the note: that an arrangement had been made whereby the .suit was stopped, a part being paid, and this sealed note given for the balance, which he, Ervin, indorsed: that he fully intended to pay it at its maturity, if Cannon did not: that he would have paid then, but preferred to make some inquiry at home before he did pay, and that he would remit the money as soon as he reached home. This evidence was objected to, but was admitted by the presiding Judge, who instructed the jury, that connecting it with the note and indorsement the plaintiff was entitled to recover. The jury found for the plaintiff the amount of the note and interest, and on the following grounds the defendants have appealed:
1. That the oral testimony was incompetent, because its effect was to alter the terms of a written contract.
2. That the case made by the testimony did not authorize a recovery of damages upon any of the counts in the declaration.
3. That the testimony proved plaintiff’s case within the Statute of Frauds, for which reasons the judge should have sent the case to the jury with directions to find nominal damages. A motion is also made to arrest the judgment upon the ground, that no rule to plead was published in this case.
It has been insisted with much zeal and great confidence, that although a sufficient cause of action is set out in the declaration, the proof does not sustain the allegations: that the *38 defendant is charged as the maker of a promissory note, as the drawer of a bill of exchange, and as a guarantor, whereas the proof is that he indorsed a sealed note. Prima facie, the writing’ of his name by the obligee on his bond is only an assignment, and enables the assignee to she in his own name (5 Stat. 33.) Neither the law merchant nor the Act makes a specialty indorsed negotiable, nor can the indorser be held liable as the maker of a note (Tucker vs. English, 2 Sp. 673.) But where an indorsement is made which creates no liability, according to mercantile usage, the Courts endeavor to prevent the failure of such contracts, by allowing the holder to overwrite the indorser’s name with the real contract implied by law, or to recover against him as maker, drawer or guarantor. Where a party, not the payee, writes his name on the back of a note, he is liable as a co-maker, and his undertaking is original and not collateral. (Stoney vs. Beaubien, 2 McM. 319; Cockerell vs. Milling, 1 Strob. 446; Baker vs. Scott, 5 Rich. 310.) As the defendant did not appear to the action, and could not, therefore, make a full defence, it is unnecessary to inquire what liability, if any, attaches to the indorsement of a specialty, and if the holder may not show by parol a consideration and the real intention of the parties. The antecedent liability of Ervin as Cannon’s surety on a promissory note which was settled, in part, by this sealed note, may be regarded as a sufficient consideration to support a promise as the drawer of a bill of Exchange on Cannon for the amount specified in the note. (Williams vs. Leper, 3 Burr. 1886; Tucker vs. English.) But the grave doubts suggested by the counsel on this point do not require extended consideration, as the decision of the case depends upon other and .well-settled principles. Ervin, by his default, confessed the action, and in executing a writ of inquiry it was only necessary to ascertain the plaintiff’s damages. (Bank vs. Vaughan, 2 Hill, 556.) The defendant is restricted in his defence and evi *39 deuce to the mitigation of damages, and cannot offer evidence in discharge of the actiou which he has confessed, nor can he show payments or rely upon discounts. (Covington vs. Rogers, 2 Bail. 407.) The cause of action set out in the declaration, he admits, and in that he is alleged to be the maker of a promissory note, the drawer of a bill of exchange and a guarantor, &c. All this is confessed by the defendant’s default, and evidence to contradict these allegations is inadmissible. It is in vain to argue that the indorser of a specialty is not liable on either of these counts, and that the paper produced being a sealed note, the indorsement of it could have no other effect than an assignment under the Act, and without recourse on the indorser. The paper was produced to ascertain the damages, not to support the counts alleging that he was maker of a note, or drawer of a bill, which was established by the judgment entered on the defendant’s default. Without the parol evidence, the amount due on the sealed note and interest sufficiently ascertained the plaintiff’s damages, and support the verdict of the jury.
The argument in support of the motion to arrest the judgment is, that an arrest under bail process and the giving of bail operate as an appearance. Before the passage of the Act of 1809, (7 Stat. 309,) the appearance of the defendant was required, according to the condition of his bond entered into when he put in bail to the sheriff, and the undertaking of his bail was that he would appear and put in special bail to the action, called bail above. Since the passage pf the Act, the bond given to the sheriff is bail to the action, and the word appear, in the condition of the bail bond, means, that the defendant shall remain within the reach of the process of tj|0 Court to satisfy the judgment which may be rendered against him. But neither before nor since the Act of 1809, did the arrest of a defendant and the giving of bail constitute an appearance authorizing the defendant to plead to the *40 plaintiff’s declaration. He must enter an appearance with the clerk during the sitting of the Court to which the writ was returnable, or the plaintiff may take judgment by default, without serving or posting any rule to plead.

The motions are dismissed.

O’Neall, Wardlaw, Withers, and Whitner, JJ., concurred.

Motions dismissed.